# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED MAR - 7 2013
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

ALLAN D. SCHUBERT, )
)
Petitioner, )
)
v. ) Case No. CIV 12-263-RAW-KEW
)
RANDY WORKMAN, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, challenges his misconduct conviction for Battery, which resulted in his loss of earned credits. The respondent alleges petitioner failed to exhaust his state administrative and state judicial remedies, and he is procedurally barred from federal habeas corpus relief.

The record shows that on September 7, 2010, petitioner was issued an offense report at Dick Conner Correctional Center for the misconduct of Group Disruptive Behavior. The Offense Report alleged petitioner and eight other inmates simultaneously created a facility disturbance and resisted staff who were trying to control the situation, resulting in serious injuries to other inmates. The disciplinary hearing was held on September 10, 2010, with petitioner present. Petitioner was found guilty of the offense, based on the Incident Report and the officer's statement that he saw petitioner involved in the altercation, and punishment was imposed. The facility head reviewed and approved the determination on September 13, 2010, and petitioner received a copy of the disposition on September 14, 2010.

On September 21, 2010, petitioner appealed the misconduct to the facility head. A due process review was conducted, and the findings of the disciplinary officer were affirmed on September 22, 2010. Petitioner received his copy of the review on September 30, 2010.

Petitioner next submitted an appeal to the Administrative Review Authority on

October 18, 2010. The appeal was returned unanswered because of improper filing, but he was given the opportunity to refile within ten days. Petitioner sent a second appeal to the Administrative Review Authority on November 3, 2010, which also was returned unanswered on that date for procedural defects. He then resubmitted the same appeal on November 18, 2010, but it was not answered.

On January 19, 2011, petitioner filed a petition for judicial review of his prison disciplinary hearing, pursuant to Okla. Stat. tit. 57, § 564.1. The state district court dismissed the action for lack of jurisdiction, finding petitioner "never properly appealed the outcome of his disciplinary hearing and accordingly failed to timely exhaust administrative remedies." *Schubert v. Okla. Dep't of Corr.*, No. CV-2011-66, slip op. at 4 (Okla. County Dist. Ct. Apr. 8, 2011). The state court's factual findings are presumed correct, unless petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

Petitioner did not timely file an appeal of the state district court's decision, but on April 9, 2012, he filed an application to file an appeal out of time in the Oklahoma Supreme Court. The appeal, however, was dismissed as untimely, because it was commenced more than 30 days after petitioner had actual notice of the filing of the April 8, 2011, order denying his petition for judicial review, and more than 30 days after he had access to his papers. *Schubert v. Okla. Dep't of Corr.*, No. 110,577 (Okla. Crim. App. Apr. 30, 2012).

The respondent has moved for dismissal on the ground that the petition is procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, petitioner did not properly present his claim to the DOC to exhaust his administrative remedies, and his petition for judicial review was denied for failure to exhaust.

2

His attempt to appeal to the Oklahoma Supreme Court also was denied for his failure to appeal in a timely manner, as required by Rule 10.1(C), Rules of the Okla. Ct. of Crim. App., Tit. 22, Ch. 18, App. This is an independent and adequate state ground that bars federal habeas review. *See Coleman*, 501 U.S. at 750.

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750). Petitioner alleges in his response to the motion to dismiss that there was no evidence of his guilt, he made four attempts to exhaust his administrative remedies, and the Oklahoma County District Court erroneously found he had failed to exhaust his administrative remedies. These unsupported, conclusory allegations will not suffice to waive exhaustion or the procedural bar.

Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Petitioner has not made this showing.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket No. 8] is GRANTED, petitioner's motion for consideration [Docket No. 10] is DENIED as moot, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this ___7ᵗʰ___ day of March 2013.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**